# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALBERT COREY HUNTER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17CV2379 ACL |
| TROY STEELE, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the petition of Albert Corey Hunter for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, petitioner has filed a motion for leave to proceed in forma pauperis, which will be granted. For the following reasons, the Court will instruct petitioner to show cause why this action should not be dismissed for failure to exhaust available state remedies.

Petitioner, an inmate at Eastern Reception, Diagnostic and Corrections Center ("ERDCC"), seeks a writ of habeas corpus. After a jury trial, petitioner was convicted of kidnapping, domestic assault, armed criminal action, witness tampering and unlawful possession of a firearm on January 27, 2017. Petitioner was sentenced to one-hundred-sixty (160) years' imprisonment on May 12, 2017. *See State of Missouri v. Hunter*, Case No. 1622-CR02888-01 (City of St. Louis). Petitioner filed a direct appeal of his conviction and sentence on May 15, 2017. *See State of Missouri v. Hunter*, Case No. ED105577. Petitioner's appeal is still pending in Missouri State Court.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Not only will petitioner have the opportunity to raise constitutional challenges in the context of his direct appeal, but he must also pursue his state court remedies through his post-conviction (Rule 29.035/29.15) proceedings and appeals. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

In light of the aforementioned, petitioner will be required to show cause why this action should not be dismissed for failure to exhaust his state court remedies prior to bringing the present action to Federal Court. Petitioner shall have thirty (30) days to file a response to the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondents, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant habeas corpus application

for failure to exhaust available state remedies. Petitioner's failure to file a show cause response may result in the denial of the instant petition and the dismissal of this action, without prejudice.

Dated this 20th day of September, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE